### GREGORY v. FREEMAN.

1. It is not necessary that the assignment of a bond, when made under seal, should show any consideration.
2. It is not necessary to make profert of an assignment of a bond, even though under seal, because the seal is not necessary to the validity of the assignment.
3. The breach in a declaration on an assigned bond is bad, if it does not allege non-payment to the obligee as well as to the plaintiff.

---

This was an action of debt against one of two obligors of a sealed bill, dated July 12, 1831, by which they became jointly and severally bound to pay to one Abram Coursen, or his assigns, $750 in one year, with interest. The declaration was in the usual form, and, after making profert of the bill, further averred the several assignments from the obligee, &c., and so to the plaintiff, as follows : " And the said plaintiff avers, that the said A. C. afterwards, and before the payment of the said

sum of money in the said sealed bill specified, or any part thereof, *to wit*, on February 1, 1832, at, &c., by his certain assignment in writing, endorsed upon the said sealed bill, assigned the said sealed bill to one R. S., and then and there delivered the same to the said R. S.," &c., and so, in similar terms, successive assignments : September 2, 1840, to one P. S. B.; September 16, 1843, to one S. S. G., " for value received, without recourse ; " and, finally, an assignment by the said S. S. G., under his hand and seal, " for value received, without recourse," on January 28, 1847, to the plaintiff. " By reason whereof, and by force of the statute, &c., the defendant then and there became liable to pay, &c., to the said plaintiff; yet the said defendant, although often requested so to do, hath not paid the sum of money, &c., nor any part thereof, to the plaintiff, but hath wholly neglected and refused, and still doth neglect and refuse," &c. There was a second count exactly similar, except that it made profert of the last assignment.

The defendant demurred specially. The causes assigned will sufficiently appear in the reasons urged by the counsel of the defendant. The case was argued before the CHIEF JUSTICE and Justice CARPENTER.

*J. J. Scofield*, for defendant.

The declaration does not show any consideration for the supposed assignments. The statement, as to one or more of the assignments, that it was for " value received," is not sufficient. An assignment without a consideration will not support an action in the name of the assignee. The statute (*Rev. Stat.* 801) extends the remedy at law only as far as it previously existed in equity. In equity, no suit could be sustained without a consideration for the assignment. 2 *Story Eq.* § 793, *a*, 1040 ; *Edwards* v. *Jones*, 1 *M. & Craig* 226 ; *Tufnel* v. *Constable*, 8 *Simons* 69 ; *Hornblower, C. J., Spenc.* 72 ; *De Forest* v. *Frary*, 6 *Cow.* 151 ; *Perkins* v. *Parker*, 1 *Mass.* 117.

2. The breach is not sufficiently averred. It may have been paid to the obligee before notice of the assignment. 1 *Chit. Pl.* 332.

3. There is no profert in the first count of the last assign-

Gregory v. Freeman.

ment, which was under seal. Wherever a party pleading a deed, derives title under it, he must make profert.

*Wilson*, contra, cited *Allen* v. *Pancoast, Spenc.* 68.

CARPENTER, J., delivered the opinion of the court.

The special cause of demurrer urged by the counsel of the defendant is, that the declaration does not aver any consideration for the several assignments. It is true that a mere equitable assignment of a chose in action, as an executory contract, must have a consideration to support it. Such an assignment is said to be a declaration of trust, with an agreement to permit the assignee to sue in the name of the assignor, (*Co. Lit.* 232 *b, note* 1,) and which, available only in equity, would only be enforced so far as there was a good consideration. But it has long been held that the assignment of a bond, as a chose in action, carried with it, by implication, a right to use the name of the assignor, even against his consent, and courts of law will notice and protect the rights of the assignee. The assignment of such chose in action, susceptible of delivery, when completed by delivery, under this doctrine, is scarcely to be called an *executory* contract. Even, independent of our statute, if the transfer was consummated by delivery, it might take effect as a gift. *Licey* v. *Licey*, 7 *Barr.* 251; 2 *Kent* 439. But the statute (*Rev. Stat.* 801, § 2,) provides that assignments of bonds and other writings obligatory shall be good and effectual at law: it gives a legal title to the instrument transferred, and, under its operation, the assignment, when completed by delivery, is clearly a contract executed. Here the declaration not only sets out the mode of the assignment, that it was by writing endorsed upon the bill, but avers that the said bill was then and there delivered to the assignee. Such formal assignment, so carried into effect, is sufficient at law under our statute, without the aid of any consideration.

That there is no profert of the last assignment, applies only to the first count of the declaration. It is said that a profert must be made whenever the party pleading a deed makes title under it, but this is not universally true. The rule is confined to cases where the party relies on the direct and intrinsic ope-

Gregory v. Freeman.

ration of the deed. Thus, in pleading a feoffment, no profert is necessary, for the estate passes, not by the deed, but by the livery. Neither is it necessary in pleading an award under seal, though the latter, it seems, is not technically a deed. *Steph. Pl.* 437–8 ; *Ib.* 374, &c. The case of an assignment, which though under seal, yet derives none of its effect from that formality, seems to fall within the rule laid down in *Bellamy's case,* 6 *Co.* 38. It was there held, " that when a deed is requisite *ex institutione legis,* then it ought to be shown in court, although it concerns a lateral thing, and transfers or conveys nothing." But when a deed is requisite, *ex provisione hominis,* then the provision of man shall not change the judgment of law in such case; as if a man makes a lease for years of land to A., on condition that he shall not assign it over but by deed only, and not by parol. In this case, *ex provisione hominis,* the assignment ought to be by deed, but because *ex institutione legis,* a deed is not necessary to the assignee ; he may plead the assignment without showing the deed. The declaration is sufficient in this respect.

But the breach is not sufficiently averred. The breach of the contract, which is governed by the nature of the stipulation, is essential to the cause of action, and must be properly stated. If money is to be paid to a man, or his assigns, and the action is brought by the assignee, obviously it must be averred in proper terms, that the defendant did not pay to obligee before the assignment, or to the assignees, or either of them, since the assignment. The declaration very unnecessarily notices the other joint and several obligor or maker, which seems to render it necessary to aver that the bill had not been paid, either by him or by the defendant.

Upon this last objection, unless the plaintiff shall ask leave to amend, judgment will go for the defendant.

CITED *in Winfield* v. *City of Hudson,* 4 *Dutch.* 264.